IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES IRA MULLIN ) | |
| ) | |
| v. ) | No. 2:18-0073 |
| ) | |
| ANDREW M. SAUL ) | |
|   Commissioner of Social Security[1] ) | |

**To:** The Honorable Waverly D. Crenshaw, Chief District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") as provided under Titles II and XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (*see* Docket Entry ("DE") 15), to which Defendant has filed a response. *See* DE 20. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for initial consideration and a report and recommendation. *See* DE 4.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (DE 15) be **DENIED**.

---

[1] Andrew M. Saul has been appointed Commissioner of the Social Security Administration. He is therefore automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

## I. INTRODUCTION

Plaintiff filed applications for DIB and SSI on March 13, 2015. *See* Transcript of the Administrative Record (DE 11) at 83-84.[2] He alleged a disability onset date of March 31, 2012. AR 83-84. Plaintiff asserted that he was unable to work because of fibromyalgia, Parsonage-Turner syndrome, tendonitis, costochondritis, muscle spasms, insomnia, high blood pressure, myopathy, back and shoulder pain, chest pain, vertigo, depression, and anxiety. AR 131.

Plaintiff's applications were denied initially and upon reconsideration. AR 122-23. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ K. Dickson Grissom on June 14, 2017. AR 68. The ALJ denied the claim on January 16, 2018. AR 20-22. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on May 10, 2018 (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision and made the following enumerated findings based upon the record:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2. The claimant has not engaged in substantial gainful activity since March 31, 2012, the alleged onset date. (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: muscle spasms, arthritis, hypertension, pain disorders in left shoulder and upper chest, costochondritis, obesity, Parsonage-Turner syndrome and adjustment disorder (20 CFR 404.1520(c) and 416.920(c)).

---

[2] The Transcript of the Administrative Record is referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in the large black Bates stamps on the bottom right corner of each page.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb, balance, stoop-bending [sic] from the waist to the floor, kneel, crouch and crawl. The claimant can perform no work around hazards such as dangerous moving machinery or unprotected heights. The claimant can perform no more than simple, routine and repetitive non-detailed tasks; with coworker and public contact being no more than casual and superficial (meaning no more than occasional), supervision would be direct and non-confrontational (meaning he would require no special supervision), and changes in the workplace would be infrequent and gradually introduced.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on February 7, 1971 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 31, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 25-34.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If substantial evidence supports the ALJ's decision, that decision must be affirmed "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The Commissioner utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim

4

is not reviewed further. *Id*. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought; at step two, the ALJ considers whether one or more of the claimant's alleged impairments are "severe" in nature; at step three, the ALJ determines whether the impairments at issue meet or equal one of the Listings contained in the regulatory List of Impairments; at step four, the ALJ considers the claimant's residual functional capacity ("RFC") and determines whether the claimant can still perform past relevant work; at step five, the burden of proof shifts to the ALJ to assess whether the claimant, after establishing that past relevant work is no longer possible, is capable of performing other types of work. *Id*. §§ 404.1520(a)(4), 416.920(a)(4).

If the ALJ determines at step four that the claimant can perform past relevant work, the claimant is "not disabled" and the ALJ need not complete the remaining steps of the sequential analysis. *Id*. §§ 404.1520(a)(iv), 416.920(a)(iv). "Past relevant work" is defined as "substantial gainful activity" that a claimant has done within the past 15 years and that lasted long enough for the claimant to learn to do it. *Id.* §§ 404.1560(b)(1), 416.960(b)(1). If the claimant is unable to perform past relevant work, however, the ALJ proceeds to step five to determine whether, in light of the claimant's RFC, age, education, and work experience, the claimant can perform other substantial gainful employment and whether such employment exists in significant numbers in the national economy. *Id*. §§ 404.1520(a)(v), 416.920(a)(v). In evaluating a claimant's RFC, the ALJ must consider the combined effect of all of the claimant's impairments, mental and physical, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B).

The Court's review of the Commissioner's decision is limited to the record made during the administrative hearing process. *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). A reviewing court is not permitted to try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)

5

(*Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court is required to accept the ALJ's explicit findings and ultimate determination unless the record as a whole is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing 42 U.S.C. § 405(g)).

### B. The ALJ's Five-Step Evaluation of Plaintiff

In the instant case, the ALJ resolved the Plaintiff's claim at step five of the five-step process. The ALJ found that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because he did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, the ALJ found that Plaintiff's RFC allowed him to perform light work with express limitations to account for his severe impairments, and that considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 25-34.

### C. Plaintiff's Assertion of Error

Plaintiff argues that the ALJ committed reversible error by improperly considering the limiting effects of his alleged pain and fatigue. DE 16 at 19. Plaintiff therefore requests that this case be reversed and/or remanded pursuant to sentence four of 42 U.S.C. § 405(g) for additional consideration. *Id*. at 22.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

If the case contains an adequate record, "the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is

overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The Court addresses Plaintiff's assertion of error below.

**1. Limiting Effects of Plaintiff's Pain and Fatigue.**

Plaintiff's sole assertion of error is that the ALJ failed to adequately evaluate his allegations of disabling pain. A claim of disabling pain triggers certain considerations for the ALJ, one of which is the two-pronged test for evaluating a claimant's assertion of disabling pain as delineated by the Sixth Circuit in *Duncan v. Sec'y of Health & Human Servs.* 801 F.2d 847 (6th Cir. 1986). To meet the first prong of this test, the subject claimant must produce objective evidence of an underlying condition. *Id*. at 853. To meet the second prong, there are two options: there must be (1) "objective medical evidence to confirm the severity of the alleged pain arising from that condition," or (2) "the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain." *Id*. This standard represents "a more succinct form" of the requirements contained in 20 C.F.R. § 404.1529, which circumscribes the Commissioner's duties when evaluating whether a claimant suffers from disabling symptoms. *Felisky*, 35 F.3d at 1038.

Also relevant to the Commissioner's analysis is Social Security Ruling ("SSR") 16-3p, which clarifies and expands on the factors set forth in 20 C.F.R. § 404.1529.[3] Specifically,

---

[3] Although social security rulings "do not have the force and effect of law," they are nevertheless "binding on all components of the Social Security Administration and represent precedent final opinions and orders and statements of policy and interpretations adopted by the Commissioner." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 272, n.1 (6th Cir. 2010) (quoting 20 C.F.R. § 402.35(b)(1)) (internal quotations omitted).

7

SSR 16-3p directs the ALJ to consider a claimant's "statements about the intensity, persistence, and limiting effects of the symptoms" and "evaluate whether the statements are consistent with objective medical evidence and other evidence." 2017 WL 5180304, at *6 (October 25, 2017). Under SSR 96-7p, SSR 16-3p's predecessor, this process called for the ALJ to make a "credibility" determination based on the individual's statements about the limiting effects of his or her alleged symptoms. 1996 WL 374186, at *3 (July 2, 1996). Although SSR 16-3p has eliminated the term "credibility," there does not appear to be any functional difference between the rulings or the analysis required of the ALJ, nor did the implementation of SSR 16-3p abrogate the voluminous case law in this circuit pertaining to credibility evaluations under SSR 96-7p. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119, n.1 (6th Cir. 2016) (noting that SSR 16-3p removed the term "credibility" only to "clarify that subjective symptom evaluation is not an examination of an individual's character"). As noted by a sister district court, reviewing courts have therefore largely "decline[d] to engage in verbal gymnastics to avoid the term credibility where usage of the term is most logical." *Pettigrew v. Berryhill*, No. 1:17-cv-1118, 2018 WL 3104229, at *14, n.14 (N.D. Ohio June 4, 2018), *report and recommendation adopted*, 2018 WL 3093696 (N.D. Ohio June 22, 2018). This is significant in light of the Sixth Circuit's pre-SSR 16-3p admonition that a reviewing court "should be particularly reluctant to substitute its judgment of the credibility of the claimant for that of the ALJ." *Bailey v. Sec'y of Health & Human Servs.*, 922 F.2d 841 (6th Cir. 1991) (internal citations and quotations omitted).

With this in mind, the Court turns to Plaintiff's assertion of error, which is unconvincing for several reasons. Plaintiff devotes much of his actual argument to reciting the relatively mild findings from multiple imaging studies and clinical findings to prove that he "clearly meets the first prong of the *Duncan* standard" (DE 16 at 20), yet the administrative opinion does not hold

8

otherwise. The ALJ found that the objective medical evidence supported a finding that Plaintiff suffered from multiple severe impairments that significantly limit his ability to perform basic work activities, including muscle spasms, left shoulder pain, upper chest pain, and arthritis. AR 25-26. Such a finding satisfies the first prong of the *Duncan* test. *Frisby v. Sec'y of Health & Human Servs.*, 869 F.2d 1490 (6th Cir. 1989) (Table), 1989 WL 17259, at *4 (6th Cir. March 12, 1989).

However, the ALJ additionally concluded that Plaintiff's complaints "were not entirely consistent" with the objective medical evidence (AR 29), which is "tantamount to a finding that [Plaintiff] failed to satisfy the second prong[.]" *Duncan*, 801 F.2d at 853. Plaintiff challenges this finding by emphasizing that two of his providers, Drs. James Cates and Cedric Palmer "prescribed pain medication to try to control Mr. Mullin's pain" (DE 16 at 20-21), yet such evidence is again not disputed by the ALJ; to the contrary, the ALJ acknowledged and discussed at length Plaintiff's use of prescription narcotics, including the medication administered by Drs. Cates and Palmer and other providers from a pain clinic. AR. 29-31. The ALJ also detailed the conditions that such prescriptions were intended to combat, which included shoulder and chest pain, costochondritis, arthritis, muscle spasms, muscle tenderness, and back pain, as well as the level of effectiveness. AR 30-31. Notably absent from Plaintiff's brief is the ALJ's discussion of Plaintiff's noncompliance with his prescribed medication regimen on multiple occasions that involved procurement of illegal substances in addition to his prescribed medication, a drug screening that yielded a positive finding for non-prescribed morphine, and Plaintiff's unilateral decision to increase his dosage at various points in his treatment. AR 29-30, 606, 610, 617, 1354. Even assuming the veracity of Plaintiff's statements concerning the severity of his symptoms, failure to comply with a physician's prescribed course of treatment supports an adverse credibility finding. *See Blaim v. Comm'r of Soc. Sec.*, 595 F. App'x 496, 499 (6th Cir. 2014) (affirming ALJ's

9

credibility determination based on claimant's noncompliance with medication "suggested that his conditions were not as severe as he made them out to be").

Plaintiff nevertheless points to his own hearing testimony during which he alleged that he was unable to continue working as a car salesman in 2012 due to alleged pain. DE 16 at 21; AR 76-77. Yet the ALJ appropriately noted that Plaintiff reported to a provider in January of 2014 that his work status was "independent without difficulty" and that he continued to work as a mechanic as of August 14, 2014 (AR 29, 886, 1118), evidence that lends additional support to the ALJ's conclusion. *See Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988) ("Any work done during a period of claimed disability may show that a claimant can engage in substantial gainful activity."); *Miller v. Comm'r of Soc. Sec.,* 524 F. App'x 191, 194 (6th Cir. 2013) (finding that ALJ appropriately considered work performed after alleged onset date in evaluating severity of claimant's symptoms) (citing 20 C.F.R. § 404.1529(c)(3)). The ALJ further discussed Plaintiff's ability to "engage[] in an active lifestyle," which includes caring for a large number of chickens, shopping, attending yard sales multiple times per month, mowing his yard, preparing meals, working on old cars, and performing other household chores. AR 27, 29. Despite Plaintiff's contention otherwise, such factors are well within the ALJ's scope of consideration in evaluating a claimant's complaints of disabling pain. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) (noting the ALJ "justifiably considered [the claimant's] ability to conduct daily life activities in the face of his claim of disabling pain").

Finally, and appropriately, the ALJ cited the considerably mild objective medical evidence in the record that weighed against Plaintiff's allegations of disabling pain. *See* 20 C.F.R. § 404.1529(c)(2)(" Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those

symptoms, such as pain, may have on your ability to work."). Such evidence included a normal EMG and imaging studies that revealed only mild degenerative lumbar changes without nerve root compression, mild degenerative thoracic changes, no significant cervical abnormalities, mild degenerative shoulder changes without impingement, and mild osteoarthritis. AR 26, 30, 397, 467, 472, 480-88, 572. Defendant also correctly notes that, despite Plaintiff's claims of significant problems with walking, standing, and sitting (AR 271, 276, 302), physical examinations repeatedly demonstrated no issues with gait or station and normal motor functioning (AR 420, 424, 427, 436, 451, 462, 465, 552, 576, 582, 656, 1017, 1098-99), which further bolsters the ALJ's adverse finding. *See Morrison v. Comm'r of Soc. Sec.*, No. 16-1360, 2017 WL 4278378, at *4 (6th Cir. Jan. 30, 2017) (affirming ALJ's decision to discount Plaintiff's credibility based in part on "objective medical evidence ... that [] revealed mostly normal examination findings and imaging results or minor abnormalities").

Plaintiff's brief offers nothing in the way of countervailing evidence. He instead cites to two pages in the record in which he allegedly "complained ... about fatigue and weakness" to providers (DE 16 at 21), yet neither page cited includes any reference to fatigue or weakness. AR 688, 766. Plaintiff did complain of fatigue as part of his application (AR 240, 320, 1279), but the record indicates that he repeatedly denied any symptoms of fatigue to providers. AR 574, 579, 585, 596, 607, 1303, 1308, 1316, 1322, 1328, 1333, 1338, 1343, 1355. Plaintiff's cursory argument is thus rejected.

The Sixth Circuit has held that an ALJ's credibility determination is "essentially unchallengeable" and must be affirmed so long as the findings are "reasonable and supported by substantial evidence." *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 476 (6th Cir. 2016). Plaintiff's brief reference to his own testimony and use of prescription medication is insufficient

11

to overcome the extensive evidence cited by the ALJ as part of his credibility finding. The Court therefore finds that substantial evidence supports the ALJ's credibility determination.

## V. RECOMMENDATION

For the above stated reasons, it is recommended that Plaintiff's motion for judgment on the administrative record (DE 15) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2); M.D. Tenn. R. 72.01(a). Failure to file specific written objections within the specified time can be deemed to represent a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (*en banc*). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. Fed. R. Civ. P. 72(b)(2); M.D. Tenn. R. 72.01(b).

    Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

12

Case 2:18-cv-00073   Document 21   Filed 07/02/19   Page 12 of 12 PageID #: 1462