# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| JAMES IRA MULLIN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    NO. 2:18-cv-00073 |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 21) recommending that Mullin's Motion for Judgment on the Record (Doc. No. 15) be denied. Mullin has filed objections to the R&R, to which the Commissioner has responded. (See Doc. Nos. 22, 23.) For the reasons stated below, Mullin's objections to the R&R will be overruled, and the Magistrate Judge's R&R will be approved and adopted.

### I.    Factual and Procedural Background

Mullin filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 13, 2015. (Doc. No. 21 at 2.) He alleged a disability onset date of March 31, 2012. (Id.) Mullin asserted that he was unable to work because of fibromyalgia, Parsonage-Turner syndrome, tendonitis, costochondritis, muscle spasms, insomnia, high blood pressure, myopathy, back and shoulder pain, chest pain, vertigo, depression, and anxiety. (Id.)

Mullin's applications were denied initially and upon reconsideration. (Id.) Pursuant to his request for a hearing before an administrative law judge ("ALJ"), he appeared with counsel and testified at a hearing before ALJ K. Dickson Grissom on June 14, 2017. (Id.) The ALJ denied the claim on January 16, 2018. (Id.) The Appeals Council denied Plaintiff's request for review of the

ALJ's decision on May 10, 2018, thereby making the ALJ's decision the final decision of the Commissioner. (Id.) This civil action was thereafter timely filed, and, at the request of the Court, Mullin filed a Motion for Judgment on the Record. (Doc. Nos. 1, 15.)

Mullin essentially argued that the ALJ committed reversible error by improperly considering the limited effects of his alleged pain and fatigue. (Doc. No. 16 at 22.) In her R&R, the Magistrate Judge notes that the ALJ found that the objective medical evidence supported a finding that Mullin suffered from multiple severe impairments that significantly limited his ability to perform basic activities, including muscle spasms, left shoulder pain, upper chest pain, and arthritis. (Doc. No. 21 at 9.) However, the Magistrate Judge noted that the ALJ also concluded that Mullin's complaints were not consistent with the objective medical evidence. (Id.) Mullin challenged this finding, arguing that two separate physicians prescribed him pain medication, however, the Magistrate Judge explained that based on the record developed and considered by the ALJ: (1) it was apparent that Mullis did not comply with his medication regiment; (2) he used illegal substances while on the prescription medication regiment; and (3) he unilaterally increased his pain prescription dosage at various point. (Id.) These actions supported an adverse credibility finding against Mullin. (Id.) Moreover, Mullin held employment during the period of claimed disability and engaged in an active lifestyle, which the ALJ properly considered when evaluating Mullin's complaints of disabling pain. (Id. at 10.) Finally, there was countervailing medical evidence, including normal imaging studies and other reports, revealing that Mullin had only mild impairments. (Id. at 11.) Given the record before the ALJ, the Magistrate Judge concluded that the ALJ's adverse credibility determination against Mullin and ultimate denial of Mullin's applications were supported by substantial evidence. (Id. at 11-12.)

Mullin objects to the Magistrate Judge's R&R, particularly her conclusion that the ALJ

appropriately evaluated his reports of pain and fatigue. (Doc. No. 22.) He argues that the Magistrate erred when she found that he only rarely complained of pain and fatigue to his providers. (Id. at 1.) He then lists multiple instances in which he complained to various physicians about pain and fatigue. (Id. at 1-2.) He argues that, given these complaints, the Magistrate Judge's R&R should be rejected. (Id. at 3.) The Commissioner's response contends that the ALJ's decision was supported by substantial evidence, the Magistrate Judge thoroughly and accurately reviewed this evidence, and, therefore, the R&R should be adopted. (Doc. No. 23.)

**II.    Standard of Review**

The Court's standard of review for a magistrate judge's R&R depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1) (C); Fed. R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's R&R. See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

**III.    Analysis**

Review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011) (internal quotation marks omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (internal quotation marks omitted). "The

3

substantial evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Thus, the Court must affirm the Commissioner's decision if it is based on substantial evidence, even if there is substantial evidence that would also have supported an opposite conclusion. Colvin v. Barnhart, 475 F.3d 727, 730 (6th Cir. 2007).

Here, the Court has reviewed the substance of Mullin's objections—particularly his argument that the ALJ and Magistrate Judge erred in finding that he only rarely complained of pain and fatigue—and determines that those arguments have no basis in the record. In short, the ALJ conducted a hearing, discussed medical and testimonial evidence, including Mullin's multiple complaints of pain and fatigue, explained the weight given to the medical and vocational evidence, and addressed Mullin's complaints in the context of all the circumstances. (See Doc. No. 11.)

Accordingly, the Court is satisfied that: (1) substantial evidence supported the ALJ's adverse credibility determination and finding that Mullin's allegations of disability were not established by the record; and (2) the Magistrate Judge carefully and adequately reviewed those findings. It is therefore inappropriate to disturb the ALJ's conclusions. Accordingly, Mullins's objections are **OVERRULED** and the Report and Recommendation (Doc. No. 21) is **APPROVED AND ADOPTED**. The Motion for Judgment on the Record (Doc. No. 15) is **DENIED** and the final decision of the Commissioner is **AFFIRMED**. The Clerk shall enter judgment pursuant to the Federal Rules of Civil Procedure and close the case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE